UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

3:18cv1515(VAB)

Ngola Santos
Plaintiff

CIVIL ACTION

COMPLAINT

VS.

EYE PHYSICIANS AND SURGEONS, PC.
Defendant

JURY TRIAL DEMANDED
SEPTEMBER 6, 2018

## COMPLAINT

1. The Plaintiff, Ngola Santos, is an African American man of Angolan descent with physical and mental disabilities and is a resident of the City of New Haven, County of New Haven, and State of Connecticut.

2. The Defendant, Eye Physicians and Surgeons, PC., is a Connecticut Corporation, with a principal place of business in the City of Milford, New Haven County, and State of Connecticut.

3. Plaintiff brings this action pursuant to the following:

    a) Malpractice – Breach of Patient/ Physician Confidentiality

    b) Fraud / Misrepresentation

    c) Fraudulent Claim / False Claims: Federal False Claims Act 29 USC § 3721

    d) ADA Amendments Act of 2008 (ADAA), *42 U.S.C. § 12101* for discrimination on the basis of disability

    e) Conn. Gen. Stat. §§ 46a-64 *et seq.* and the common law of the State of Connecticut.

    f) Civil Conspiracy

    g) Breach of Fiduciary Duty

4. Federal questions of jurisdiction exist pursuant to 28 U.S.C. § 1331. This court has pendent jurisdiction over state law claims.

5. This Court has jurisdiction over the Defendant, because it is located in Connecticut and regularly conducts business in Connecticut.

6. Venue in this Court is proper because the discriminatory actions alleged herein occurred in Connecticut.

7. On about August 31, 2015, Defendant/Eye Physician and Surgeons (EPS), through its employees, agents, and servants (Dr, Sharpiro and an unknown tech (Jane Doe1)), performed an eye exam on the Plaintiff in the Orange, CT office location.

8. After examination on August 31, 2015, Defendant/Dr. Sharpiro told the Plaintiff he sees cataracts in the left eye and believe there is diplopia (double vision) and to come back in several months, once the Plaintiff sight continues to worsen in order to test for surgery.

9. After examination on August 31, 2015, Plaintiff asked the Defendant to fill out medical forms from the Plaintiff's insurance company for Short term disability (STD) benefits.

10. A few days later, Plaintiff called the Milford. CT main office of the Defendant, after being instructed by a voicemail by Defendant, in order to get an update on the filling out of the STD Forms.

11. Plaintiff faced hostility and retaliation from a tech, Jane doe 2, for requesting form for Short term disability.

12. Defendant, jane doe 2, said to the Plaintiff "We are not giving you Disability.", which was not Defendant's responsible to decide.

13. Plaintiff discovered that Defendant/Jane Doe 2 said this without even looking at the Plaintiff's medical chart or records, when Plaintiff asked the Defendant/Jane

Doe, "Did you even look at my medical records," and she had to check medical records for the first time.

14. Plaintiff tried to explain that the Defendant's duty was to only fill out the form and the insurance company would determine if Plaintiff was eligible for STD benefits, but the Defendant/ Jane Doe 2 wouldn't listen.

15. Defendant/ Jane Doe 2 would not cooperate and fill out the forms, so Plaintiff ask to speak with the Manager, which the Defendant's practice administrator, D. Breen (Defendant/D. Breen).

16. The Defendant /D. Breen immediately told Plaintiff that they, the Defendants, are not giving the Plaintiff disability, again, but the Plaintiff explained the process and the Defendant/D. Breen agreed to fill out the forms and submit it to the insurance company.

17. The Defendant through, its employees, servants, and agents, retaliated and discriminated against Plaintiff for giving them disability forms in order to obtain STD benefits.

18. Defendant retaliated in anger by asking the Plaintiff why he didn't schedule the surgery, when surgery was not necessary for several months at that time, since only near sight was substantially affected.

19. The defendant did not want to support Plaintiff being out of work on Short term disability and other arbitrary reasons, unless the Plaintiff schedules surgery with Defendant.

20. On November 2015, Plaintiff was given Americans with Disability Act (ADA) Accommodation Sheet from Plaintiff's Employer to allow Plaintiff to work with accommodation,

21. Defendant sabotaged the ADA Accommodation sheet to not allow Plaintiff any accommodation or acknowledgement of any impairment, which resulted in

misrepresentation of Plaintiff impairments and needs in order to perform his duties for his employer, see Attachment # 1 (ADA Accommodation Sheet)

22. Plaintiff 's employer thought the Plaintiff was not ill or impaired due to the Defendant's misrepresentation and fraud in filling out the ADA Accommodation form.

23. On a letter dated September 6, 2016, Plaintiff's employer admits talking and having discussion with the Defendant about the Plaintiff's medical records and status, See Attachment # 2 ( Response to a Connecticut Commission Human Rights for Opportunity Complaint).

24. Anytime the Plaintiff would ask the Defendant for medical information, The Defendant's Practice Administrator, D. D. Breen, would call or send a letter telling to Plaintiff that they helped him enough and to never contact office again, as shown on Attachment # 3 Letter of Discrimination against Plaintiff.

25. Plaintiff called the Defendant to find out why he received the letter, and Defendant/D. Breen rudely talk over the Plaintiff and hang up the phone on the Plaintiff ( while he was calmly talking) without an rational reasoning for do so.

26. The Defendant's, through its employee, agents, and servants, actions conspired against the Plaintiff and acted in bad faith, resulting in termination of the Plaintiff's employment.

**COUNT ONE:  Malpractice – Breach of Patient/ Physician Confidentiality**

(Note:  Courts hold breach of doctor-patient confidentiality agreement as a serious offence, considering it a form of medical malpractice)

1-26.    Plaintiff incorporates paragraphs 1 through 26, and all paragraphs herein.

27. Defendant shared confidential patient medical information (PMI) of the Plaintiff to Plaintiff's Employee as stated on letter dated September 6, 2016 (See Attachment # 2).
28. The Defendant's employees, servants, and agents acted unreasonable and irrational, in a humane civil society, toward the Plaintiff and his Private Medical Information.
29. Plaintiff suffered losses and damages that lead to the refusal to accommodate in Plaintiff's employment and a termination of Plaintiff's job with his employer due to the information shared by the Defendant to the Plaintiff's employer.

### COUNT TWO:  Fraud / Misrepresentation

1-29.   Plaintiff incorporates paragraphs 1 through 29, and all paragraphs herein.

30. Defendant intentional and negligently told and submitted fraudulent and misleading information against the Plaintiff:
    a) Intentional submitted false information by denying that the Plaintiff had an impairment of the vision on question 1 of the ADA Accommodation form as shown on Attachment # 1 (ADA Accommodation sheet), where Defendant's employee, agent, servant intentional circled and 'X'ed  the 'No' option in a question acknowledging an impairment, and he/she (in bad faith) scribbled out the previous markings of another employee (Jane Doe 3) that was done in good faith, in order to make sure Plaintiff is denied any benefits (disability or accommodations at work) for his impairment, and/or disability, with prejudice.
    b)  An employee, servant, or agent of the Defendant intentional told HR personal of Plaintiff's employer that Plaintiff refused to get surgery since

his first visit on January 2014 and second August 2015, when Surgery was not an urgent necessity at the time of visits, as explained on a letter to CHRO (See Attachment # 2, Letter of Response to CHRO Complaint).

31. These actions were all in line with the Defendants action taking against the Plaintiff in retaliation or reaction to Plaintiff asking for the Defendant to fill out Short term disability forms and Defendant's assumption that Plaintiff didn't want surgery.

32. Defendant's actions through its employees, agents, servants, were dishonest, disloyal, and immoral toward the Plaintiff, and it was made to induce the plaintiff's employer to not accommodate the Plaintiff's impairments and the Plaintiff's insurance company and/or agency to deny benefits of disability.

33. Defendant actions harmed reputation and credibility of the Plaintiff, causing Plaintiff to lose his Job and receive denials and delays in his STD and LTD benefits, unnecessarily.

34. Defendant refuse to cooperate with Plaintiff in any future attempt to correct or gain any more information to assist the Plaintiff's medical reporting or record need, as the Defendant would warrant call, notes, and letter that would tell Plaintiff to never visit there office again up until present, as shown in a letter from the Defendant to the Plaintiff on Attachment # 3 (Letter of discrimination toward Plaintiff).

**COUNT THREE: Fraudulent Claim / False Claims: Federal False Claims Act 29 USC § 3721.**

1-34. Plaintiff incorporates paragraphs 1 through 34, and all paragraphs herein.

35. As shown on Attachment # 1 (ADA Accommodation Sheet), Defendant intentionally circled and 'X'ed the "no" box option to state that the Plaintiff had no physical or mental impairment to intentionally not acknowledge Plaintiff's illness, when Plaintiff had Senile Cataracts and diplopia as state on a health summary by the Defendant.
36. Defendant fill in the need for Cataract surgery while not admitting impairment on the ADA Accommodation Sheet (See question 1 in Attachment # 1)
37. Defendant made a false record and statement material that created a false claim for Plaintiff's Accommodations at work.
38. Plaintiff's employer didn't not accommodate Plaintiff due to the False material created by the Defendant, through its employees, servants, and agents.
39. Plaintiff suffered damages and loss due to the Defendants actions.

## COUNT FOUR:  ADA Amendments Act of 2008 (ADAA), *42 U.S.C. § 12101* for discrimination on the basis of disability

1-39.   Plaintiff incorporates paragraphs 1 through 39, and all paragraphs herein.

40. The Plaintiff had multiple disabilities and impairments with his eyes during his employment and leave of absence.
41. The Defendant knew of these disabilities.
42. The Plaintiff requested reasonable acknowledgement and accommodations for his disabilities.
43. The Defendant unjustifiably refused the Plaintiff's reasonable requests for acknowledgement of his impairments to his employer, see Attachment # 1.

44. The Defendant was upset that the Plaintiff requested the Defendant fill out forms for disability insurance benefits and medical leave, as was his right, instead of continuing to work in an unhealthy environment due to his impairments.
45. Instead of finding an appropriate resolution, the Defendant, upon information and belief, refused to acknowledge the Plaintiff's disability and impairments for the sake of disqualifying Plaintiff request for accommodations and benefits.
46. Due to the actions of the Defendant, the Plaintiff was removed from his position, which lead to termination soon after, see Attachment # 4 – Letter form Employer base on Defendant reporting.
47. As a result of the Defendant's conduct, the Plaintiff was damaged. In particular he incurred lost wages and salary, lost benefits, physical impairment and pain, and other needless expenses due to physical and emotional distress.

## COUNT FIVE:  CONNECTICUT LAW - DISCRIMINATION VIOLATION

1-47.   Plaintiff incorporates paragraphs 1 through 47, and all paragraphs herein.

48. The conduct of the Defendant described above violated Conn. Gen. Stat. §§ 46a-64 *et seq.*  the common Law of Connecticut, which affirmatively bars discrimination on the basis of race, color, ancestry, age, mental disability, and Physical disability.
49. As a result of the Defendant's conduct, the Plaintiff was damaged. In particular he incurred termination of employment, lost wages and salary, lost benefits, physical impairment and pain, and other needless expenses due to physical and emotional distress.

## COUNT SIX: Civil Conspiracy

1-49.   Plaintiff incorporates paragraphs 1 through 49, and all paragraphs herein.

50. Base on the conduct of the Defendants described above, the Defendant, through its employees, agents, servants, and others, conspired against the Plaintiff in discriminating and denying the Plaintiff's accommodations and benefits for his disability.
51. The Plaintiff was damaged and incurred losses due to these actions of the Defendants.

### COUNT SEVEN:  Breach of Fiduciary Duty

1-51.   Plaintiff incorporates paragraphs 1 through 51, and all paragraphs herein.

52. The Defendant had a Patient – Physician duty to Plaintiff and an obligation to act in good faith in matters relating to the Plaintiff.
53. Upon information and belief, Defendant shared confidential and patient medical information, See Attachment # 2 and Attachment # 4.
54. The Defendant, through its employee, servants, and agents, advance its interest in denying the Plaintiff acknowledgement of his impairments to his employer, in which harmed the chances of the Plaintiff receiving accommodation and continued employment.
55. Defendant, through it employees, agents, and servants, induced the Plaintiff's employer to believe the Plaintiff rejected surgery and, therefore, not was impaired nor excuse from working.
56. Plaintiff sustained loss of employment and tremendous denials and delays of benefits.
57. Plaintiff suffered mental anguish, physical and mental injuries and more.

WHEREFORE, the Plaintiff, respectfully, demands:

a. Compensation for appropriate back pay and front pay of accommodated employer income with interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful medical practices;

b. Compensation for past and future pecuniary losses resulting from the unlawful practices complained above, including physical and emotional pain, suffering, inconvenience, loss of employment/careers, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

c. Compensation in the amount of lost benefits

d. Punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial;

e. Grant such further relief as the Court deems necessary and proper in the public interest; and

f. Costs and fees in connection with this litigation.

THE PLAINTIFF DEMANDS A JURY TRIAL.

THE PLAINTIFF

NGOLA SANTOS

By: *(signature)*

Ngola Santos
P.O. Box 8665
New Haven, CT 06531
Ngolasantos@gmail.com

# Attachment

# # 1

# (ADA Accommodation Sheet)



# YALE-NEW HAVEN HOSPITAL

# ADA Request for Accommodation Form

## ADA MEDICAL CERTIFICATION

NOTE: The information sought on this form pertains only to the condition for which the employee is requesting accommodation under the ADA.

**To be completed by EMPLOYEE**

| Employee Name: Ngula Santos | Employee #: 128815 |
|---|---|
| Job Title: Clinical Engineer Tech | Department: Clinical Engineering Dept |
| Employee Signature: Ngoll Sa | Date: 11-2-2015 |

**To be completed by HEALTH CARE PROVIDER**

INSTRUCTIONS: Attached are copies of the employee's job description which indicates the essential functions of the position and includes the physical/mental demands and environmental conditions associated with the job. Please review both the attached job description and then complete and sign this form.

| Physician Name: Martin R. Shapiro | Specialization/Type of Practice: Ophthalmologist |
|---|---|
| Address: 325 Boston Post Rd, oRange, CT | Phone #: (203) 795-0766 |

Questions to help determine whether an employee has a qualifying disability. A person has a qualifying disability under the ADA if the person has an impairment that substantially limits one or more major life activities.

1. Does the employee have a physical or mental impairment?    Yes ☐   No ☒

2. What is the impairment? needs cataract surgery L Eye for monocular visual complaints

3. Is the impairment long-term or permanent?    Yes ☒   No ☒

4. If not permanent, how long will the impairment likely last? until cataract removed

5. Is this condition considered a chronic condition which:

   A. requires periodic visits for treatment by a health care provider?    Yes ☒   No ☐

   B. continues over an extended period of time? until cataract removed    Yes ☐   No ☐

   C. may cause episodic rather than a continuing period of incapacity?    Yes ☐   No ☒

6. Does the impairment mean that the employee is substantially limited in one or more major life activities?    Yes ☐   No ☐

7. If yes, what major life activity(s) is/are affected:

   ☐ caring for self    ☐ walking    ☐ hearing    ☐ lifting
   ☐ interacting with others    ☐ standing    ☒ seeing    ☐ sleeping
   ☐ performing manual tasks    ☐ reaching    ☐ speaking    ☐ concentrating
   ☐ breathing    ☐ thinking    ☐ learning    ☐ working
   ☐ toileting    ☐ sitting    ☐ reproduction    ☐ other: _____



# YALE-NEW HAVEN HOSPITAL

# ADA Request for Accommodation Form

**Questions to help determine whether an accommodation is needed.**

1. What limitation(s) in major life activities is/are interfering with this employee's job performance?

   Complains of monocular diplopia, decreased vision, and glare - left Eye only.

2. What job function(s) listed in the job description is the employee having trouble performing because of the limitation(s)?

   Anything with fine details, as BEST corrected Binocular vision tests at 20/30, with complaint of diplopia with both eyes open.

3. How does the employee's limitation(s) in major life activities interfere with his/her ability to perform the job functions listed in the attached job description?

   Doctor recommends cataract surgery (see above question)

**Questions to help determine effective accommodation options.**

1. Do you have any suggestions regarding possible accommodations to improve job performance? If so, what are they?

   cataract surgery recommended.

2. How would your suggestion(s) improve the employee's performance?

   cataract surgery recommended, will improve visual acuity; glare and diplopia complaints will improve

Comments:

*To be completed by the HEALTH CARE PROVIDER*

SIGNATURE OF HEALTHCARE PROVIDER:
(Stamps and Designee Signature NOT accepted)

Date: 1/7/15

*** ALL INFORMATION PROVIDED IS CONFIDENTIAL AND WILL BE RETAINED IN THE EMPLOYEE'S MEDICAL FILE***

# Attachment

# # 2

# (Response to a Connecticut Commission Human Rights for Opportunity Complaint)

Yale
NewHaven
Health

Yale New Haven
Hospital

September 6, 2016

Connecticut Commission on Human Rights
 Human Rights & Opportunities
55 West Main St., Suite 210
Waterbury, CT 06702

**RE: CHRO No. 1730024 Ngola Santos vs. Yale New Haven Hospital**

Dear Ms. Wilkerson,

In order to help understand the references made in the Hospital's complaint response, we would like to describe the circumstances that led to the Respondent's termination from the Hospital.

The Complainant requested paid time off in June of 2015 and remained out of work. After Respondent tried to contact him on several occasions, Complainant was finally approved for Family Medical Leave in late August of 2015. In October of 2015 after Complainant exhausted Family Medical Leave, Respondent notified him of this and began the interactive dialogue surrounding an accommodation, should he choose to return to work.

After speaking with Complainant's Doctor's office, it was made clear that the accommodation that Complainant requested, a larger computer screen and a magnifying glass, was not necessary for him to perform the essential functions of his job. Rather, Complainant's slight visual impairment required cataract surgery.

Complainant's request for accommodations was denied on December 14, 2015. The letter sent to Complainant clearly states that the Complainant would be placed in the Leave of Absence Cost Center while his Short Term Disability application was being considered and if it were to be denied, his employment would be terminated.

The Leave of Absence Cost Center ("LOA Cost Center") is a benefits administered cost center where employees continue to receive short term and long term disability, if they qualify Complainant was placed in the LOA Cost Center on December 14, 2015. He was terminated from the LOA cost center in January of 2016 after he was unable to submit the proper paperwork to be approved for short term disability.

For this reason, the Respondent respectfully requests that the Commission dismiss Complainant's claim of discrimination and retaliation through Merit Assessment Review.

Enclosed, please find Yale-New Haven Hospital's response to the above-referenced complaint.

Yale
NewHaven
Health
Yale New Haven
Hospital

Sincerely,

*Julie Wurcel*

Julie Wurcel
Sr. Employee Relations Specialist
Enclosure

# Attachment

# # 3

# (Letter of discrimination toward Plaintiff)

# EYE Physicians & Surgeons, PC

www.eyevision2020.net

*You won't believe your eyes*

Samuel P. Sprotzer, M.D.
d.2015

Martin R. Shapiro, M.D.
*Cataract Consultations, Glaucoma & General Ophthalmology*

Philip J. Silverstone, M.D.
*Ophthalmic Plastic, Reconstructive & Orbital Surgery*

Darron A. Bacal, M.D.
*Pediatric Ophthalmology & Adult Strabismus*

Seth W. Meskin, M.D.
*Cornea & External Diseases Laser Refractive Surgery*

David H. Levinson, D.O.
*Diseases & Surgery of the Retina & Vitreous*

Omar S. Faridi, M.D.
*Cataract Surgery, Glaucoma & General Ophthalmology*

Alexander E. Voldman, D.O.
*Cataract, Cornea, Laser Surgery & General Ophthalmology*

Thera A. Bowen, O.D.
*Optometrist Contact Lens Specialist*

Fabian C. Villacis, O.D.
*Optometrist Contact Lens Specialist*

---

December 12, 2017

Dear Mr. Santos,

Your last visit with our office was in 2015 with Dr. Shapiro. At that time appropriate forms were sent to you regarding your condition.

At this time we cannot give any document stating your current complaint.

You should be evaluated by your eye Doctor.

Please do not call or stop by our office going forward regarding this matter.

Thank You

Sincerely,

Deborah D. Breen

Practice Administrator

---

202 Cherry Street
Milford, CT 06460
(203) 878-1236

325 Boston Post Road
Orange, CT 06477
(203) 795-0766

1236 Main Street
Branford, CT 06405
(203) 488-5688

2 Trap Falls Road, Ste. 104
Shelton, CT 06484
(203) 944-0464
Fax (203) 944-0344

# Attachment

# # 4

# (Letter form Employer base on Defendant reporting)



December 14, 2015

Ngola Santos
P.O Box 8665
New Haven, CT 06531

Dear Mr. Santos,

This letter is in response to your request for accommodation submitted on October 19, 2015.

While you had a number of accommodation requests, none of them were supported by medical documentation from your physician(s).
- Your primary care physician requested that we change your job description but did not specify how and suggested that you follow up with your ophthalmologist for treatment and a therapist for anxiety.
- Your psychiatrist did not have any suggestions regarding accommodations.
- Your opthamologist recommended that you have cataract surgery. (This was recommended in January of 2014, August of 2015 and again in October of 2015).

In examining the documentation, it seems that there is a lack of medical support for the accommodation that you requested. In speaking with you on November 19, 2015, you claim that you were told that cataract surgery was the best course of treatment in August of 2015 but your physician told you that you could put that off for a few months. In speaking with your ophthalmologist's office on November 10, 2015, they claim that you were supposed to follow up with them immediately about having the surgery.

In addition, it is important to note that you did not qualify for Short Term Disability payments because the documentation from your ophthalmologist did not identify any job functions that you could not perform with your current condition.

As you know, you exhausted your CT FML and Federal FML (see attached letter sent to you on October 26, 2015). Recently, you once again applied for Short Term Disability. While your application is considered, you will be placed in our Leave of Absence Cost Center. If you are denied benefits once again, you will be terminated

If you have any questions, feel free to contact me at (203) 688- 4625.

Sincerely,

*Julie Wurcel*

Julie Wurcel
Sr. Employee Relations Specialist

20 York Street
New Haven, CT 06510