UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NGOLA SANTOS,

   Plaintiff,

      v.                                                             No. 3:18-cv-1515 (VAB)(WIG)

EYE PHYSICIANS AND SURGEONS, P.C.,

   Defendant.

_____X

## **RECOMMENDED RULING OF DISMISSAL**

      Plaintiff Ngola Santos filed this action on September 6, 2018. He alleges federal causes of action including a violation of the Americans with Disabilities Act ("ADA") and the False Claims Act ("FCA"). He also alleges various state law claims. Now before the Court is Plaintiff's motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915. [Doc. # 2]. For the reasons that follow, Plaintiff's motion is granted, but the Court recommends this matter be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

      Applications to proceed *in forma pauperis* require a two-step process of review by the district court. *See Bey v. Syracuse Univ.*, 155 F.R.D. 413, 413 (N.D.N.Y. 1994). First, the Court must determine whether the litigant qualifies to proceed *in forma pauperis* based upon economic status. 28 U.S.C. §1915. Here, based upon a review of Plaintiff's financial affidavit, the motion is granted.

      In addition, the Court must determine whether the cause of action is frivolous, malicious, or without merit. 28 U.S.C. §1915(e)(2)(B). This Court "*shall dismiss* the case at any time if the

court determines that…the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* (emphasis added). The term "frivolous" is not intended to be insulting or demeaning; it is a term of art that has a precise meaning. A claim is said to be frivolous if it does not have an arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court, by using this term as required, does not intend to diminish what the plaintiff has experienced or its impact upon him.

When a plaintiff appears *pro se*, the complaint must be construed liberally in the plaintiff's favor and must be held to a less stringent standard than formal pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)*; Estelle v. Gamble*, 429 U.S. 97, 106 (1976). It is well established that "[t]he power to dismiss *sua sponte* must be reserved for cases in which a *pro se* complaint is so frivolous that, construing the complaint under the liberal rules applicable to *pro se* complaints, it is unmistakably clear that the court lacks jurisdiction or that the claims are lacking in merit." *Mendlow v. Seven Locks Facility*, 86 F. Supp. 2d 55, 57 (D. Conn. 2000).

In this case, the complaint alleges that a doctor employed by the defendant performed an eye exam on Plaintiff, and that after the examination, Plaintiff was informed that he had cataracts in the left eye and that he should return for surgery. Plaintiff then asked office/administrative employees of the defendant to complete medical forms so that he could apply for short term disability benefits. Plaintiff alleges some difficulty in getting defendants to cooperate and fill out the forms, but that the forms were eventually completed by defendant and submitted. Plaintiff alleges that the defendant did not want to support his application for short term disability benefits unless he scheduled surgery. Plaintiff also alleges that the defendant sabotaged an ADA accommodation sheet he asked it to complete, which resulted in misrepresentation of his

impairments to his employer, and which ultimately led to the termination of Plaintiff's employment. Plaintiff seeks compensatory and punitive damages.

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C.A. § 12182(a). Discrimination under the ADA includes "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden." 42 U.S.C.A. § 12182(b)(2)(A)(iii). A professional office of a health care provider is considered a public accommodation for the purposes of the ADA. 42 U.S.C.A. § 12181(7)(F).

In order to state a claim for relief under Title III of the ADA, Plaintiff must allege (1) that he is disabled within the meaning of the ADA; (2) that defendants own, lease, or operate a place of public accommodation; and (3) that defendants discriminated against him by denying him a full and equal opportunity to enjoy the services defendants provide. *See Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008).

Here, the complaint does not allege facts to support that the defendant discriminated against Plaintiff as a result of a disability. While the complaint alleges that Plaintiff was unsatisfied with the initial level of cooperation of the defendant's employees, the complaint also states that the assistance Plaintiff sought was ultimately provided. Moreover, Plaintiff does not allege what reasonable accommodation he required and was denied, or the nature of the

discrimination that allegedly occurred.  Thus, the claim should be dismissed as failing to state a claim under 28 U.S.C. § 1915.  *See Oslzly v. Rosenblatt*, No. 14-CV-3638 SLT LB, 2014 WL 4161347, at *7 (E.D.N.Y. Aug. 19, 2014) (dismissing a Title III claim when plaintiff failed to allege the accommodation required, denied, and the nature of the discrimination).

Furthermore, the ADA claim fails because Plaintiff seeks only monetary compensation.  When a plaintiff brings a claim under Title III, the only remedy available is injunctive relief, and not monetary damages.  *Oslzly*, 2014 WL 4161347, at *6.  Since Plaintiff does not seek injunctive relief in this matter, and since it is unclear whether injunctive relief is even possible, the claim should be dismissed.  *See Sandler v. Benden*, No. 15-CV-1193(SJF)(AKT), 2016 WL 9944017, at *16 (E.D.N.Y. Aug. 19, 2016), *aff'd,* 715 F. App'x 40 (2d Cir. 2017) (dismissing a Title III claim when the plaintiff sought only monetary damages);  *Vale v. Northwell Health*, No. 17-CV-7111 (PKC)(LB), 2018 WL 1115345, at *2 (E.D.N.Y. Feb. 26, 2018) (finding an ADA claim moot, and dismissing it for lack of subject-matter jurisdiction, when injunctive relief was no longer available); *Bernas v. Cablevision Sys. Corp.*, 215 F. App'x 64, 68 (2d Cir. 2007) (affirming dismissal because a plaintiff cannot seek damages for a past violation of Title III).

Likewise, Plaintiff's FCA claim should be dismissed.  "The FCA is intended to recover damages from those who defraud the federal government," and "imposes liability on those who knowingly present, or cause to be presented, false or fraudulent claims for payment, or knowingly make, use, or cause to be used, false records or statements to get false claims paid or approved."  *United States v. Empire Educ. Corp.*, 959 F. Supp. 2d 248, 253 (N.D.N.Y. 2013) (citing 31 U.S.C. § 3729(a)(1)(A) & (B)).  "Private persons, known as relators, may file *qui tam* actions—actions on behalf of the government—for violations of § 3729.  *Id.* (citing 31 U.S.C. §

4

3730(c)(3); *United States ex rel. Dick v. Long Island Lighting Co.,* 912 F.2d 13, 16 (2d Cir.1990)).

The FCA claim should be dismissed for two reasons. First, the complaint indicates that Plaintiff is not seeking to vindicate any rights belonging to the federal government, but is instead seeking damages for injury to himself. Since "[t]he central question under the False Claims Act is whether the defendant actually presented a 'false or fraudulent claim' to the government," and the complaint fails to "allege a factual nexus between the improper conduct and the resulting submission of a false claim to the government," it fails to allege a violation of the FCA. *Johnson v. The Univ. of Rochester Med. Ctr.*, 686 F. Supp. 2d 259, 265-66 (W.D.N.Y. 2010).

Second, "[t]he law in this Circuit is clear that *pro se* litigants may not pursue *qui tam* actions under the False Claims Act." *Palmer v. Fannie Mae*, No. 14-CV-4083JFBAYS, 2016 WL 5338542, at *4 (E.D.N.Y. Sept. 23, 2016) (citing *U.S. ex rel. Mergent Servs. v. Flaherty,* 540 F.3d 89, 93 (2d Cir. 2008)). Since Plaintiff is proceeding without representation, he cannot maintain a claim under the FCA. *See id.* (dismissing a qui tam action brought my a pro se plaintiff); *Byrd v. Mazzola Ins. Corp*, No. 6:17-CV-06178(MAT), 2017 WL 5508814, at *4 (W.D.N.Y. Apr. 5, 2017) (reasoning that "[e]ven if Plaintiff were seeking to vindicate a right belonging to a federal government agency, which she plainly is not, she could not maintain an FCA claim because is unrepresented.").

Since the Court recommends dismissing Plaintiff's federal law claims, it, in its discretion, recommends that supplemental jurisdiction not be exercised over the state law counts. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (explaining that a district court may decline to exercise supplemental jurisdiction when it has dismissed all claims over which it has original jurisdiction); *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240,

5

250 (2d Cir. 2008) (finding that when there is a lack of subject matter jurisdiction over appellants' federal claims, it was "clearly inappropriate … to retain jurisdiction over the state law claims when there is no basis for supplemental jurisdiction.").

For the reasons set forth above, the Court recommends this matter be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  This is a Recommended Ruling.  *See* Fed. R. Civ. P. 72(b)(1).  Any objection to this Recommended Ruling should be filed within 14 days after service.  *See* Fed. R. Civ. P. 72(b)(2).  Failure to timely object will preclude appellate review.  *Impala v. United States Dep't of Justice*, 670 Fed.App'x 32, 32 (2d Cir. 2016).

SO ORDERED, this  1st  day of October, 2018, at Bridgeport, Connecticut.

       */s/ William I. Garfinkel*
       WILLIAM I. GARFINKEL
       United States Magistrate Judge